The argument that I want to address this morning is whether the district court erred by finding that Mr. Guiterrez-Cruz had a drug trafficking offense for purposes of a 16-level enhancement. Specifically, I would like to discuss the 11-351 statute. I would like to reserve also a couple of minutes for rebuttal. Okay. As briefed, there are several reasons that I've argued that 11-351 is overly broad, but what I'd like to focus on this morning is that 11-351 and the California statutes control more substances than the Federal statute and, therefore, is overly broad, and this Court must then consider a modified categorical approach. Now, you cited in your 28-J letter an unpublished opinion that was published in 2006 before the new rule came into effect. What are we to make of that? Are you speaking of the Diego Barrera case? Yes. Well, that case does not – that case came out this week as an unpublished opinion, which obviously is not binding. It shows – if I recall correctly, it's a 2006 case. Did I misread that? What happened in that case is that in 2006, there was a memorandum opinion issued by this Court that held that 11-351 was overbroad, but under the modified categorical approach, the government had proven that it qualified. Then there was a petition for rehearing filed, and on the 7th, that petition for rehearing was granted and the original memorandum was withdrawn and the new memorandum was filed holding that the – under the modified categorical approach, the government hadn't met the burden. And the petition for rehearing on Bonk was denied. And so that's like the – that's the history of that case. I see. Okay. And the January 7th, they did literally January 7th a few days ago. A few days ago. Okay. That's correct. Okay. But there was an original opinion from 2006 that was withdrawn. That case does not deal with the overbreadth problem that I'm addressing today, that the drug statute – or the California law criminalizes and controls more substances than the Federal law. In a case that's been – So your argument is that under the categorical approach, it can't possibly be covered there. Is that right? Under the categorical approach, 11-351 is overbroad and the Court must turn to a modified – a modified approach. And under the modified categorical approach in this case, it's your position that that isn't covered there either because of the documentation. That's correct. The reason that I believe that the California law covers more – in the case Ruiz-Vidal v. Gonzales, this Court recognizes that the California law does control more substances than the Federal – than the Federal – than the Federal law. And it gives an example as apomorphine, which is expressly excluded within the Federal statutes. Furthermore, in the opening briefs, we identified the drug acetylphenanol as a drug that is explicitly – well, not explicitly, but left out and no one mentioned within the Federal drug tables. One argument that the government raises that I would like to address is they seem to suggest that if a drug is considered an analog of a listed drug within the Federal tables, then it should be treated as the same. And that's simply not true. An analog is – a controlled substance analog is defined under 802 subsection 32. And within that definition, it specifically excludes controlled substances. And the only way under the Federal law that a controlled substance analog can be treated the same or Federally – treated as a Federal criminal offense is with additional elements, such as if the analog was intended for human consumption under section 813, or if it was distributed to another person without that person's knowledge and with the intent to commit a crime of violence under 841b7, or if it was given to a minor, which is 861d1. And therefore, it shows that each of these three offenses under the Federal law require an additional element that's not required under 11351, which demonstrates that the government's suggestion that, well, if this drug under a California statute could at least be considered an analog under the Federal statute, it should be – it's the same thing, and therefore, it's not overbroad. And that argument must fail. Additionally, the government seems to suggest that acetophenanol should – or directly falls within the CFR's 1308.12, and that is also incorrect. Simply stated, the two substances – what is listed under 1308.12 is fentanyl. Acetophenanol and fentanyl are two different substances and cannot be treated similarly. And so the government's suggestion that acetophenanol falls squarely within the Federal statute is also incorrect. That is demonstrated under the California law. In the California Health and Safety Code section 11054, it lists acetophenanol as a Schedule I substance. 11055 lists fentanyl and all its isomers, esters, ethers. If we were to assume that they were the two same substances, then California law would put acetophenanol in both a Schedule I classification and a Schedule II, which would seem redundant, which demonstrates, again, that there are substances that are covered within California law that are simply not covered within the Federal statutes and therefore make the California statute overly broad and forces the Court then to turn to a modified categorical approach. Do you believe that's a full answer to the Morales-Perez case that was cited by the government? I believe that the Morales – well, I believe the Morales-Perez case does not address this additional argument and, therefore, only controls a portion of the analysis that must be considered. And it speaks to the purchase issue. Right. Morales – yeah, I'm sorry. Do you think that deals with part of the issue here? Well, Morales-Perez seems to be a difficult case for the argument that purchase is separate and distinct, although the Morales-Perez case does not discuss the Armstrong case, the California case. They deal with the same issues, but the Armstrong case makes clear that purchase and possession are distinct elements, and the Morales-Perez case doesn't seem to address the Armstrong case, which was published before that by Judge Diego Barrera, which cites Armstrong for the proposition of purchase. Do you know that our unpublished opinions are a matter of some dispute in our court? Yes, I do. I do know that. In fact, I think it's probably fair to say, certainly for my purposes, I never look at them. Okay. Because there are no facts that are cited that allow any basis for determining whether the case in controversy before the Court is the same as the one here. So at least for purposes of your office, at least this judge, and I don't know how my colleague feel, but they are just of no worth at all because we can't tell what the facts were. That's fine, Your Honor, and that's why I've been trying to tailor my argument today as to the Federal controlled substances issue. I understand. If we, briefly before I get into my rebuttal time, if we turn to the modified categorical approach, I do believe that the documents presented by the government are insufficient. The documents that they presented as to the 11351 were the felony complaint, the order of the magistrate, and the abstract of judgment. While I think it's clear that the abstract of judgment in light of Snellenberger and Vidal. You want to save your two minutes? Yes. Okay. Okay. Great. Thank you. Thank you. Let's now hear from the government. Thank you, Your Honors. May it please the Court, Mark Rady for the United States. Your Honors, the government submits the Morales Press is controlling here, and it very clearly held that 11351.5, which, although it's not this specific statute issue here, it's almost identically worded, is for purposes of Taylor categorically a drug trafficking offense. These arguments about whether certain substances are included or not in the Federal controlled substances laws cannot be seen as overruling published precedent of this in a petition for rehearing. But as this panel sits here, Morales Press is the binding authority. And when a statute is held to satisfy the first-step Taylor categorical approach, you don't even look to the modified approach. And in this case, the government, we're not even going to rely on the modified approach, because the Fed. But can you rely on the modified approach? That's a good point, Your Honors. It's very difficult. Yeah. I'm not going to. So you concede under a modified approach that the documents aren't sufficient? It's just about, Your Honor. The only thing I looked at last night, I noted, I mean, the abstract of judgment on the current circuit law, we can't rely on that anymore. And I think that's the Snellenberger case, and there's a petition for rehearing that's pending there. There was another document in the record. It was called a magistrate judge or order. And it was unlike an abstract of judgment prepared by a judge. And it specifically says that this defendant is pleading guilty to the count charged in count one. And I know after Vidal, they say there has to be the magic language as charged in. That could be the only argument. But we want, the government wants Morales-Perez not to be undermined. And I know there's been some talk, and I won't talk much about the unpublished opinion, but, of course, earlier this week we were a little concerned. There was a case that came out which completely ignored Morales-Perez. And I will be filing a petition for panel rehearing in that case. But to get to more of the, just to cover some of these other points, though, if this chemistry of all this, we noted at page 23 of the government's response brief, every particular substance that the defense brought up as supposedly not being covered by Federal law is, in fact, listed in the codes of Federal regulations. And not only that, we did make the argument that they could be considered analogs. And under 21 United States courts ---- Is the defense correct in a chemical sense about the difference between these substances? I don't believe they are, Your Honor. I mean, I don't know that they've misdescribed what the substances are. But all I know is that each one that they list as supposedly being overbroad is actually provided for in the code of Federal regulations. But even beyond that, there's one specific statute ---- So you're saying that the drugs involved here clearly are covered in the code of Federal regulations? And by drugs involved here, you mean the ones that this panel was charged with? Correct. Correct. Correct. Correct. Because cocaine, yes, there's no question about that. Right. Right. Okay. But the only one thing I did want to make for the record is 21 United States Code section 813. It holds that an analog shall be treated for the purposes of any Federal law as a controlled substance in Schedule I. That is your bridge statute that you need right there to say that these statutes that are discussed, these very specific, I can't even pronounce the names, but they're all on page 23 of our brief, that if they are considered analogs, then 813 would allow you to include them in an 841 possession with intent. And you know that the defense claims that they're not analogs. What's your response to that? All right. That they're all included for consumption and that they actually are specifically listed in the code of Federal regulations. And I, you know, there was no reply brief filed in this case, so I mean, I have to stand on the arguments that we made. And if they're listed in the code of Federal regulations and they're intended for human consumption, our argument would be that they're not or that they are included. The one final thing I would point out, Your Honor, since this is all about the Taylor categorical approach, the Supreme Court made clear in a case, James v. United States, decided last year that you look at what the ordinary case is. I mean, here we're talking about very specific chemical derivatives. I don't know that that would necessarily be considered the ordinary case of a drug prosecution in California. And, in fact, the Supreme Court used an example. In James, the issue was whether something was categorically a crime of violence. I think they used some two hypotheticals. Extortion, when somebody is extorting somebody with some, let's say, dirty pictures of them, although the word extortion commonly connotes a violent crime, the idea being there couldn't possibly be any violence that comes to somebody. Or if somebody points a gun, thinking it's loaded, and pulls the trigger at somebody, it turns out it doesn't have a bullet. By definition, the person could not have been physically harmed. The Supreme Court acknowledged that even if there are such rare hypothetical situations, the ordinary case doesn't include them. And just because you can hypothetically imagine some of these odd situations, that's not enough to take a statute out of a categorical analysis. And we would ask that this Court apply that same principle here if it reaches that issue. So you're arguing that James covers any slippage in the categorical approach. That is our argument, Your Honor. And unless the Court has any further questions, we would submit. The only thing, Morales-Perez, we want Morales-Perez not to be eroded, because it's getting awful tough to prove things under the modified approach these days. Okay. I don't think we have any other questions. Thank you very much for your presentation. We're back to the rebuttal now. Yes, Your Honor. Thank you. I have a few rebuttal points. First, Morales-Perez only controls the issue as far as the argument between purchase for sale and possession. Morales-Perez, the statute in that case was 11351.5, which specifically states it's a cocaine-based statute. Where 11351, this statute in this case states controlled substances and then lists all the tables. And therefore But for purposes of analysis, though, wouldn't you agree that whether something is categorically a crime of a particular nature, that the wording other than the controlled substance part is identical? Isn't the reasoning the same on that? Not as to the argument that what is covered and whether it's broad, more broad, that's not covered within those two statutes. While 11351.5 only deals with cocaine-based, my argument is much broader than that because it's 11351, which is controlled substances. So Morales-Perez would not have to be overruled in order to reach this issue as to a separate statute. Secondly, the government states that acetophenanol is covered by the federal statute. It is not. If you look at 1308.12, it is not listed or mentioned anywhere within the federal statutes. The only substance that's there is fentanyl. The government also states, well, that analogs are to be treated as a federal controlled substance because of Section 813. But as I mentioned earlier, 813 has the additional requirement that must be shown that it was intended for human consumption. And therefore, an analog simply cannot be treated as a controlled substance unless an additional element is proven. And finally, the law. Thank you very much. We appreciate it. Thank you both for your fine arguments. This case is submitted. We will now hear argument in United States v. Marsh.
judges: Farris, M. Smith, Sandoval